**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

LAWRENCE R. STIEFEL,

        Plaintiff,

v.

DEPARTMENT OF BUTLER COUNTY
PRISON OF PENNSYLVANIA;
GOVERNMENT UNIT; CPT.
RYCHORWICZ; C/OW BARTLETTE;
and C/O SCULLIO,

        Defendants.

) Civil Action No. 2: 16-cv-0975
)
)
)
)
)
)
)
)
)
)
)

**MEMORANDUM OPINION**

Conti, Chief District Judge

      This prisoner civil rights suit was commenced on June 29, 2016, when defendants

removed the case to this court from the Court of Common Pleas of Butler County, Pennsylvania.

The case was referred to a United States Magistrate Judge for pretrial proceedings in accordance

with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local

Rules for Magistrate Judges.

      Defendants filed a motion to dismiss on July 7, 2016. (ECF No. 3).  In response, plaintiff,

Lawrence R. Stiefel ("plaintiff"), filed an amended complaint (ECF No. 23), which supersedes

the original complaint and is the operative pleading. Thereafter, on August 25, 2016, defendants

filed a motion to dismiss the amended complaint (ECF No. 25), to which plaintiff filed a brief in

opposition.  (ECF No. 28).

      In January 2017, the magistrate judge was informed that plaintiff had been released from

Butler County Prison on December 8, 2016, and had not provided the court with his change of

address.  The case was statistically closed pending notification from plaintiff of his current address.  On July 11, 2017, the court received a change of address from plaintiff confirming that he had been transferred out of Butler County Prison and was in the custody of the Pennsylvania Department of Corrections and currently confined at SCI-Coal Township.  (ECF No. 33).  The case was reopened at that time.

The magistrate judge's report and recommendation, dated January 22, 2018 (ECF No. 38), recommended that defendants' motion to dismiss the amended complaint (ECF No. 25) be granted in part and denied in part.  A copy of the report and recommendation was sent to plaintiff by First Class United States Mail at his listed address.  Plaintiff timely filed "preliminary objections" to the report and recommendation (ECF No. 39) and a brief in support of those objections (ECF No. 40), to which defendants filed a response in opposition.  (ECF No. 45).  The matter is now ripe for disposition.  For the reasons set forth below, the report and recommendation will be adopted, as supplemented, and defendants' motion to dismiss will be granted in part and denied in part.

When objections to a report and recommendation have been filed, under 28 U.S.C. § 636(b)(1), the court must make a *de novo* determination of those portions of the report to which objections are made.  *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed.R.Civ.P. 72(b)(3).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   Plaintiff raised a number of objections to the magistrate judge's report and recommendation and the court will examine each objection in turn.

First,  plaintiff appears to be attempting to amend his claim concerning the open cell door policy to allege that the policy violates the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§ 12101, *et seq*., and certain federal regulations.[1]  Plaintiff is raising these claims for the first

time in his objections.  In the amended complaint, plaintiff specifically alleges only that the open

cell door policy violates the Fourth Amendment.  Attempting to raise a new claim for the first

time in objections to a magistrate judge's report and recommendation is not proper.  *Bukovinsky

v. Pennsylvania*, 455 F. App'x 163, 165-66 (3d Cir. 2011) (per curiam) (*citing Marshall v.

Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)) (stating that "[i]ssues raised for the first time in

objections to the magistrate judge's recommendation are deemed waived").  Accordingly, any

objections to the report and recommendation referencing the ADA or federal regulations are not

proper and will not be addressed by the court.

Similarly, plaintiff appears to be attempting to recharacterize his claims against the

individual defendants as excessive use of force claims.  ECF No. 40 at 5 ("this is a case about

excessive use of force."); *id*. at 10 ("This case is the causal 'conditions of confinement' case,

with only Mr. Stiefel and the Officers aware of the true circumstances of the attack . . . .").  The

claims against the individual defendants as pled in the amended complaint are framed only in

terms of retaliation in response to plaintiff's filing of grievances.  Upon review of the twenty-

eight page amended complaint, there are two references to plaintiff being physically attacked,

but both references imply that the physical attacks were part of the overall retaliatory conduct

which plaintiff was experiencing.   For example, on page 4 of the amended complaint, plaintiff

states that on April 24, 2015, defendant C/O Bartlette after learning that grievances had been

filed against him, came to plaintiff's cell "enraged using and eliciting verbal abusive attacks and

---

[1]   Specifically, plaintiff argues that the open door policy violates federal regulations which
pertain to individuals with a disability, specifically, 28 C.F.R. § 130(h) and 28 C.F.R. § 35.139.
Even if plaintiff's ADA argument were properly before the court, neither of those provisions
applies to the issues in this case.

physically ripped up the grievance . . . and proceeded in retailaiation (sic) to physically attack the Plaintiff in front of the inmates" and on page 24, plaintiff alleges that defendant C/O Scullio "proceeded in retaliation to shake down the cells with the C.E.R.T. Team verbally threatened and physically attacked the Plaintiff." (emphasis added). These conclusory statements, that the actions of defendants C/O Bartlette and C/O Scullio constituted a "physical attack," are insufficient to support separate and independent claims of excessive use of force. Without more, the amended complaint does not contain the sufficient level of factual detail necessary to render a claim for excessive use of force sufficiently "plausible" to withstand a challenge under an *Iqbal/ Twombly* challenge. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

Next, plaintiff in his brief confusingly references two individuals who do not appear to be a part of this lawsuit, namely "Simms" and "Bennett." For example on page 5 of his brief (ECF No. 40 at 5), plaintiff states, "Simms's psychological injury is actionable;" on page 11 (*id*. at 11), he states, "It is not necessary to, for Simms to have actually been beaten, shot, stabbed or killed to maintain this lawsuit;" and on page 12 (*id*. at 12), plaintiff states "Simms suffered due to Bennett's threats of beating and death." These statements appear to be irrelevant to this lawsuit.

Last, plaintiff objects to the recommendation that his *Monell* claim against Butler County Prison be dismissed. Plaintiff continues to argue that the open cell door policy is a violation of his Fourth Amendment right to privacy. This objection must be denied. While prisoners do retain certain rights of privacy under the Fourth Amendment, this right of privacy is not unlimited. The Supreme Court of the United States has stated, "[l]oss of freedom of choice and privacy are inherent incidents of confinement*." Bell v. Wolfish*, 441 U.S. 520, 537 (1979). It is well established that an inmate does not have a reasonable expectation of privacy in his cell.

*Washington v. Grace*, 445 F. App'x 611, 615-16 (3d Cir. 2008) ("A prisoner has no reasonable expectation of privacy in his cell") (citing *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)); *Pressley v Johnson*, 268 F. App'x 181, 183 (3d Cir. 2008) (same). The court is not aware of any case law supporting plaintiff's argument that he had a constitutional right to have his cell door locked during those times when the Butler County Prison policy mandated that the cell doors in general population were to remain unlocked.

After *de novo* review of the pleadings and documents in this case, together with the report and recommendation, and the objections and response in opposition thereto, defendants' motion to dismiss will be granted in part and denied in part. Specifically, the motion will be granted with respect to the *Monell* claim brought against Butler County Prison and denied with respect to plaintiff's retaliation claims brought against the individual defendants. An appropriate order will be entered.

Dated: March 1, 2018                         BY THE COURT:

                                             /s/ Joy Flowers Conti
                                             Joy Flowers Conti
                                             Chief, United States District Judge

cc:     LAWRENCE R. STIEFEL
        KD 3617
        SCI Coal Township
        1 Kelly Drive
        Coal Township, PA 17866
        (via U.S. First Class Mail)

        Michael R. Lettrich
        JonesPassodelis PLLC
        (via ECF electronic notification)