# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE R. STIEFEL, | Civil Action No. 2: 16-cv-0975 |
| Plaintiff, | |
| v. | United States Magistrate Judge Cynthia Reed Eddy |
| CPT. RYCHORWICZ, C/O BARTLETTE, and C/O SCULLIO | |
| Defendants. | |

## MEMORANDUM ORDER

Pending before the Court is the "Motion to Amend Amended Complaint" filed by Plaintiff, Lawrence R. Stiefel (ECF No. 54), to which Defendants have responded in opposition (ECF No. 56). For the reasons that follow, the motion will be denied.

Defendants initiated this action on June 29, 2016, by the removal of the complaint to this Court from the Court of Common Pleas of Butler County, Pennsylvania. (ECF No. 1). On July 7, 2016, Defendants filed a Motion to Dismiss on July 7, 2016 (ECF No. 3). In response, Plaintiff filed an Amended Complaint. (ECF No. 23). On August 30, 2016, Defendants filed a motion to dismiss the Amended Complaint (ECF No. 25). Plaintiff filed a timely brief in opposition. (ECF No. 28).

On January 25, 2017, the case was administratively closed due to Plaintiff being released from Butler County Prison and failing to provide the Court with his change of address. The case remained administratively closed until July 10, 2017, when Plaintiff notified the Court of his new address and filed a supplement to his brief in opposition to the motion to dismiss. (ECF Nos. 33 and 34).

On January 22, 2018, the Court issued a Report and Recommendation (ECF No. 38) recommending that Defendants' motion to dismiss be granted in part and denied in part. Plaintiff filed objections to the Report and Recommendation (ECF Nos. 39, 40 and 44) and the Defendant filed a response to those objections on February 22, 2018. (ECF No. 45). On March 1, 2018, Chief Judge Joy Flowers Conti adopted the report and recommendation as the Opinion of the Court. (ECF No. 46). Specifically, the motion was granted with respect to Plaintiff's claim that Butler County Jail's open cell door policy violated the Fourth Amendment and denied with respect to Plaintiff's retaliation claims brought against the individual defendants. Accordingly, the only claims remaining are allegations of retaliation against the individual defendants.

On March 5, 2018, Plaintiff sought leave to file an Amended Complaint. (ECF No. 48). Because Plaintiff failed to attach a proposed Amended Complaint, the Court denied the motion without prejudice, and allowed Plaintiff the opportunity to refile his motion by March 21, 2017, with the proposed amended complaint attached.

On March 16, 2018, the individual defendants filed their Answer (ECF No. 51). Because a renewed motion to amend had not been received by March 21, 2017, the Court on March 26, 2018, entered a Case Management Order setting deadlines for discovery and dispositive motions. (ECF No. 53).

The following day, on March 27, 2018, the Court received the pending motion to amend, which attached the proposed amended complaint as ordered. (ECF No. 54).

Federal Rule of Civil Procedure 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires."[1] In determining whether leave to amend might

---

[1] Defendants argue that the Court's decision should be controlled by Federal Rule of Civil Procedure 16 because Plaintiff seeks to amend his complaint after a deadline set by court order. Under Rule 16, once the pretrial scheduling order's deadline for filing motions to amend the

reasonably be denied, courts are guided by the *Foman* factors, named for the Supreme Court's decision in *Foman v. Davis,* 371 U.S. 178, 182 (1962): undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility. The *Foman* factors are not exhaustive, allowing a court to base its decision, within reason, on consideration of additional equities, such as judicial economy / burden on the court and the prejudice denying leave to amend would cause to the plaintiff. *Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017). All factors are not created equal, however, as "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur v. Maersk, Inc*., 434 F.3d 196, 204 (3d Cir. 2006). With these principles in mind, the Court will examine the proposed Amended Complaint. (ECF No. 54-1).

In Count I of the proposed Amended Complaint, Plaintiff again challenges the Butler County Jail policy alleging that the "open door" policy is a violation of the Fourth Amendment of the United States Constitution. The Court previously ruled that such allegation fails to state a claim. Therefore, Count I of the proposed Amended Complaint is futile and leave to amend is denied.

In Count II of the proposed Amended Complaint, Plaintiff seeks "injunctive relief barring Plaintiff's confinement in only Butler County Prison of Pennsylvania. . . ." Since filing this lawsuit, Plaintiff has been transferred to state custody and as such is no longer in the Butler County Prison. In the context of prisoner litigation, it is well established that a prisoner-

---

pleadings has passed, a party must, under Rule 16(b), demonstrate "good cause" for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleadings. The Court is unpersuaded by this argument. Plaintiff's motion was received by the Court six (6) days after the deadline to refile his motion to amend. The motion is not dated, therefore, the Court is unable to ascertain if the motion was placed in the prison mailing system in a timely fashion. However, the Court will give Plaintiff the benefit of any doubt and apply the prisoner mailbox rule. Therefore, the analysis herein will be governed by Federal Rule of Civil Procedure 15(a)(2).

plaintiff's transfer to another institution moots a request for injunctive relief. As it is clear from the record that Plaintiff was transferred out of Butler County Jail, the request for injunctive relief is futile.

In Count III of the proposed Amended Complaint, Plaintiff repeats his retaliation claims against the individual officers. The proposed amendment does not in any way change the factual allegations of retaliation to necessitate an amendment.

For these reasons, the Court finds that Plaintiff will not be prejudiced if his motion to amend is denied. Accordingly, Plaintiff's motion for leave to amend his Amended Complaint is **DENIED**. The deadlines set forth in the Case Management Order issued March 26, 2018, remain in full force and effect. (ECF No. 53).

So **ORDERED** this 26th day of April, 2018.

s/Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

cc: LAWRENCE R. STIEFEL  
    KD 3617  
    SCI Coal Township  
    1 Kelly Drive  
    Coal Township, PA 17866  
    (via U.S. First Class Mail)

    All counsel of record  
    (via ECF electronic notification)